UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL S. FLAHERTY, et al., : | |
| : | Civil Action No. 11-660(GK) |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| PENNY PRITZKER, et al., : | |
| : | |
| Defendants : | |
| : | |
| And : | |
| : | |
| SUSTAINABLE FISHERIES : | |
| COALITION, : | |
| : | |
| Defendant-Intervenor: | |

## MEMORANDUM OPINION

Plaintiffs Michael S. Flaherty, Captain Alan A. Hastbacka, and the Ocean River Institute ("Plaintiffs"), bring this action against Commerce Secretary Penny Pritzker who has now been succeeded by Wilbur Ross, the National Oceanic and Atmospheric Administration ("NOAA"), and the National Marine Fisheries Service ("NMFS") (collectively "Defendants"), as well as Defendant-Intervenor Sustainable Fisheries Coalition ("SFC"). This matter is now before the Court on Plaintiffs' Motion for Leave to File Third Amended and Supplemental Complaint ("Pls.' Mot.") [Dkt. No. 152]. In the Motion, Plaintiffs seek, among

-1-

other things, to add the New England Fishery Management Council and its Executive Director, Mr. Thomas Nies, as Defendants in this matter.

Upon consideration of the Motion, Oppositions, Reply, the entire record herein, and for the reasons discussed below, Plaintiffs' Motion is **granted**.

I.   **BACKGROUND**

   **A. Factual Background**

On March 2, 2011, the National Marine Fisheries Service ("NMFS") published its Final Rule implementing Amendment 4 to the Atlantic Herring Fishery Management Plan ("FMP"). Final Rule, 76 Fed. Reg. 8,786 (Feb. 2, 2011). The NMFS and the New England Fishery Management Council (the "Council") jointly developed Amendment 4 in order to bring the FMP into compliance with the annual catch limits and accountability measures of the Magnuson-Stevens Act ("MSA"), 16 U.S.C. § 1801, by the 2011 statutory deadline. On March 8, 2012, this Court found that Amendment 4 violated certain provisions of the MSA, the Administrative Procedure Act ("APA"), and the National Environmental Policy Act ("NEPA"), and issued an Order remanding the action to Defendants which contained specific guidance, as

well as a timeline, for actions Defendants were to take and complete within one year ("Remedial Order") [Dkt. No. 41].

In that Order, the Court ordered NMFS to send a letter to the Council "recommending that the Council consider, in an amendment to the Atlantic Herring FMP, whether 'river herring' [including shad] should be designated as a stock in the fishery[.]" Remedial Order at 11. Although NMFS sent two letters to the Council making this recommendation, the Council ultimately adopted recommendations that failed to add river herring and shad as stocks in the Atlantic herring fishery. On February 13, 2014, NMFS published its Final Rule implementing Amendment 5, which similarly failed to include river herring and shad as stocks in the fishery. Final Rule, 79 Fed. Reg. 8786 (Feb. 13, 2014).

### B. Procedural History

On March 31, 2014, this Court granted Plaintiffs' request to file a Supplemental Complaint challenging Amendment 5. See Order [Dkt. No. 92]. At the Parties' request, the Court stayed the case through November 28, 2016 in light of anticipated actions by NMFS that could have alleviated Plaintiffs' concerns. On November 29, 2016, the Court held a status conference and ordered the parties to submit a proposed briefing schedule. On

January 6, 2017, Plaintiffs filed the present Motion for Leave to File Third Amended and Supplemental Complaint [Dkt. No. 152]. Defendants and Defendant-Intervenor filed Oppositions to Plaintiffs' Motion on January 19, 2017 [Dkt. Nos. 153 and 154]. On January 27, 2017, Plaintiffs' filed their Reply [Dkt. No. 155].

## II. STANDARD OF REVIEW

The amendment of pleadings in civil matters is governed by Rule 15 of the Federal Rules of Civil Procedure, which states that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend rests in the sound discretion of the trial court; however, it is an abuse of discretion to deny leave without a sufficient justification for doing so. Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Sufficient justifications include "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment." Id. (quoting Foman, 371 U.S. at 182).

In assessing a motion for leave to amend, the Court is required to assume the truth of the allegations in the amended complaint and construe them in the light most favorable to the

-4-

movant. Caribbean Broadcasting Sys. v. Cable & Wireless PLC, 148 F.3d 1080, 1086 (D.C. Cir. 1998). The party opposing the amendment bears the burden to show why leave should not be granted. Dove v. Washington Metro. Area Trans. Auth., 221 F.R.D. 246, 247 (D.D.C. 2004) (citing Gudavich v. Dist. of Columbia, 22 F. App'x 17, 18 (D.C. Cir. 2001)).

### III. DISCUSSION

Plaintiffs seek to amend their Second Supplemental Complaint to add the New England Fishery Management Council and its Executive Director, Mr. Thomas Nies, as Defendants. Plaintiffs also set forth events, and a related claim, that have occurred since Plaintiffs filed the Second Supplemental Complaint.[1]

Plaintiffs argue that the proposed amendments are necessary to end the loop that continues to preclude the relief they seek: (1) the Council has a duty to add fish stocks requiring conservation and management; (2) river herring and shad need conservation and management; (3) NMFS, which has a duty to ensure that the Mangnuson-Stevens Act is fulfilled, lacks the authority to force the Council to take action; and (4) the

---

[1] Plaintiffs also move to withdraw their prior Count II which concerned accountability in the fishery. Since Defendants and Intervenor-Defendant do not object to this request, See Defs.' Mot. at 6 and Inter.-Def.'s Mot. at 2, the Court need not consider it at this time.

-5-

Council has not passed, on its own, the necessary amendment to add river herring and shad to the Atlantic herring FMP. See Pls.'s Mot. at 3.

According to Plaintiffs, only a court order specifically directing the Council to take action to remedy what they consider to be legal violations of the MSA can provide them the relief they seek. Id.

### A. The Proposed Amendments Do Not Improperly Expand the Scope of the Original Complaint.

A key issue to decide in any Motion to Amend is whether Plaintiffs have improperly expanded the scope of the original Complaint. Wright v. Corr. Corp. of America, 2016 WL 264907, at *2 (D.D.C. Jan. 21, 2016). A comparison of the proposed Amended Complaint with the original Complaint in this case clearly reveals that Plaintiffs have not sought to significantly expand the scope of the case. The core facts and allegations remain substantially unchanged between the two documents. While Plaintiffs have added the Council and Mr. Nies as Defendants, they have done so in an attempt to hold the relevant entities accountable for the alleged harms since this Court has recently determined that the original Defendants -- i.e., NMFS et. al. -- lack the authority to force the Council to take action. See Anglers Conservation Network v. Pritzker, 139 F. Supp. 3d 102

(D.D.C. 2015), Civ. No. 14-509, Dkt. No. 58. The core facts and legal issues remain the same: river herring and shad have not been added to the Atlantic herring FMP thereby violating, according to Plaintiffs, the MSA, NEPA and APA.

**B. Amendment Would Not Cause Undue Delay.**

Another factor weighing strongly in favor of adding the amendments is that granting Plaintiffs' request would not cause undue delay or otherwise impede the efficient adjudication of this case. As mentioned above, the proposed amendments do not radically alter the original Complaint and, as a result, likely will not require NMSF and the other original Defendants to expend a substantial amount of time and resources to respond to the amended allegations. Further, Plaintiffs have requested to amend their Complaint early in their challenge of Amendment 5 to the Atlantic herring FMP. The Parties have not yet briefed the merits of this dispute and there are no appeals or decisions pending. Defendants, basing their entire argument against amendment on the futility exception to the liberal amendment standard, do not attempt to argue that the proposed amendments would cause undue delay. See Opp. at 7 n.1 ("[B]ecause the proposed amendment would be futile, the Court need not reach those issues [of undue delay or prejudice] and Federal

Defendants do not address them here[.]"). Simply put, permitting Plaintiffs to amend their Complaint would not cause undue delay in the adjudication of this matter.

### C. The Proposed Amendments Are Not Unduly Prejudicial to Defendants.

For similar reasons, the Court also finds that the proposed amendments will not unduly prejudice Defendants. Because the proposed additions to the Complaint primarily concern the Council, the original Defendants will not be surprised by any substantially new allegations made against them. With regard to the new Defendants, the Council and its Executive Director have been intimately involved in the events described in the original Complaint, namely the discussions and ultimate decision not to introduce river herring and shad to the Atlantic herring FMP. Notably, Defendants and Intervenor-Defendant do not contend that the proposed amendments would prejudice them in any way. See generally Opp. and Inter.-Def. Opp. Accordingly, the Court concludes that this factor also favors permitting Plaintiffs to amend their Complaint.

### D. The Futility of the Proposed Amendments

Defendants argue that Plaintiffs' Motion should be denied because the proposed amendments are futile. Specifically, Defendants claim that the Council is not an "agency" within the purview of the APA and, in the alternative, even if the Council were an agency, it did not engage in final agency action. See Opp. at 7; Inter.-Def. Opp. at 2-3. Plaintiffs claim that the issue of whether the Council is an agency is "effectively a question of first impression. Never before has a Council been sued, the jurisdictional questions briefed, and a decision issued that squarely addresses whether or not the Council is an agency under the APA." Pls.' Reply at 12.

The Court agrees with Plaintiffs' assessment of the pertinent legal issues.[2] The parties raise a number of novel legal questions that would benefit from more targeted briefing directly addressing the merits of the dispute. The Court believes that the motion to dismiss or summary judgment stage would provide a more appropriate forum and enable all parties,

---

[2] Defendant-Intervenor argues that Anglers Conservation Network v. Pritzker, 809 F.3d 664 (D.C. Cir. 2016) resolved the issue and determined that regional fishery management councils are not agencies. See Inter.-Def. Opp. at 2. Anglers, however, is not precisely on point. In that case, the regional council was not a defendant and the Court of Appeals specifically noted that the plaintiffs "d[id] not contend that the Council is itself a federal agency within the meaning of the APA." Anglers, 809 F.3d at 670.

including the Council and its Executive Director, to fully develop the issue of whether or not the Council is an agency for purposes of the APA and whether it engaged in final agency action when it declined to include river herring and shad in the Atlantic herring FMP.[3] As another court has noted, the issue of whether entities like the Council qualify as agencies is a "close one." See J. H. Miles & Co., Inc. v. Brown, 910 F. Supp. 1138, 1157 (E.D. Va. 1995).[4]

Accordingly, the Court, in its discretion, finds that permitting the proposed amendments at this stage will further the efficient adjudication of the merits of the case.

---

[3] The Court recognizes that courts have, in cases where a regional fishery management council was not a party, occasionally opined on whether or not a regional council could qualify as an agency for purposes of the APA. See, e.g., Anglers Conservation Network v. Pritzker, 70 F. Supp. 3d 427, 437 (D.D.C. 2014); J. H. Miles & Co., Inc. v. Brown, 910 F. Supp. 1138, 1159 (E.D. Va. 1995). In each of those cases however, the issue was not squarely presented to the court.

[4] Moreover, this Court has already ruled that "[a]lthough amendments to fishery management plans originate with the regional fisheries management councils, 16 U.S. § 1852(h)(1), ultimate responsibility for the details of any amendment - including the decision to add certain stocks to a fishery - rests with NMFS." Anglers, 139 F. Supp. 3d at 112 (citing Flaherty v. Bryson, 850 F. Supp. 2d 38, 54 (D.D.C. 2012)). To this Court's knowledge, the Court of Appeals has not dealt with this particularly difficult issue that still remains regarding the interpretation of the MSA.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File Third Amended and Supplemental Complaint shall be **granted**. An Order shall accompany this Memorandum Opinion.

August 21, 2017

*Gladys Kessler*
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF